IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOYIN, INC,<br><br>*Plaintiff*,<br><br>v.<br><br>CORBRA, DEARPARTY, TEATALK STORE, and WSBIN,<br><br>*Defendants*. | Civil Action No. 4:23-cv-114<br><br>JURY DEMANDED |

## COMPLAINT

Plaintiff Joyin, Inc, ("Plaintiff" or "Joyin") hereby brings this action for copyright infringement against the Defendant Amazon stores Corbra (ASINs: B0B696Q3MT, B0B68VJ1Q1, B0B697QS5P, B0B695R5B7, B0B6V2MS6Z, B0B698V4MK, B0B6V1D88M, B0B6969XFX, B0B68V755N, B0B694GNFD), DearParty (ASIN: B0B68V755N), Teatalk Store (ASINs: B0B6BDQH4S, B0B6BG3KTC, B0B6BF49D9, B0B6BDVN32), and WsBIN (ASINs: B0BTP5W4FC, B0B6BFF48M) (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff files this action to combat online infringers who reproduce and distribute copies of Plaintiff's copyrighted works to the public by sale and/or prepare derivate works based upon Plaintiff's copyrighted works ("Infringing Products").

2. The copyrighted works at issue include U.S. Copyright Nos. VAu 1-443-475, VAu 1-387-741, and VAu 1-444-364 (collectively, "Copyrights"), which are 2D visual materials and/or pictorial works for various costume designs. The Copyrights are valid, subsisting, and in full force and effect. True and correct copies of the Certificates of Registration of the Copyrights are attached hereto as Exhibit 1.

## PARTIES

3. Plaintiff Joyin, Inc is an Arizona corporation with its principal place of business at 7650 South McClintock Drive, Suite 103-219, Tempe, Arizona, 85284. Joyin is the registered owner of the Copyrights.

4. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the United States, including within the State of Texas and this Judicial District, through the operation of the fully interactive Amazon marketplace storefronts ("Defendant Amazon Storefronts"). Each Defendant targets consumers in the United States, including Texas, and has distributed the Infringing Products to consumers within the United States, including Texas.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331as this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*.

6. This Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly targets consumers in the United States, including Texas, through at least the Defendant Amazon Storefronts. Specifically, Defendants are reaching out to do business with Texas residents by operating one or more commercial, interactive Amazon Storefronts through which Texas residents can purchase the Infringing Products. Each Defendant has targeted Texas residents by operating the Defendant Amazon Storefronts that offer shipping to the United States, including Texas, accept payment in U.S. dollars, and, on information and belief, have reproduced and distributed the Infringing Products to residents of Texas. Each of the

Defendants is committing tortious acts in Texas, is engaging in interstate commerce, and has wrongfully caused Joyin substantial injury in the State of Texas.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Defendants are foreign entities residing in China and have committed acts of copyright infringement in this judicial district, do substantial business in the judicial district.

## BACKGROUND

A.   **Joyin and Spooktacular Creations**

8. Since 2015, Joyin has developed into one of the fastest-growing designers and manufacturers of toys, party supplies, and seasonal products. Joyin's products are recognized for offering consumers great value without compromising quality. In 2017, the company hit a milestone of over one million units sold.

9. Joyin also releases products under its Joiedomi brand, a home products line, Sloosh, a summer play line, and Spooktacular Creations, the wildly-successful Halloween line.

10. Spooktacular Creations is a Halloween line of unique and highly detailed costumes and accessories made from high quality materials and designed with comfort, authenticity, and entertainment in mind. *See* https://www.spooktacularcreations.com/.

11. Joyin is the rightful owner of three registered copyrights that are connected with various Spooktacular Creations costumes: Registration No. VAu 1-443-475, titled "20508 Child Girl Black Witch Costume and 9 Other Unpublished Works," registered on August 19, 2021; Registration No. VAu 1-387-741, titled "20154 Green Witch costume and 4 Other Unpublished Works," registered on September 16, 2019; and Registration No. VAu 1-444-364, titled "20572 Child Boy Black Ninja Costume and 9 Other Unpublished Works," registered on August 18, 2021. *See* Exhibit 1.

12. Registration No. VAu 1-443-475 is a group registration for the following ten works: 20508 Child Girl Black Witch Costume; 20560 Child Girl Purple Star Pattern Witch Costume; 20570 Child Girl Green Halloween Elements Pattern Witch Costume; 20586 Child Girl Bandage Reaper Costume; 20588 Child Girl Light Up Polka Dots Witch Tutu Costume; 20589 Child Girl Light Up Bat Witch Tutu Costume; 20596 Child Girl Purple Bat Pattern Witch Costume; 20603 Child Girl Wicked Green Witch Costume; 20616 Child Girl Purple Witch Costume Spider Web Skirt; and 20622 Child Girl Purple Witch Costume Spider Web Skirt Shiny Version. *See* Exhibit 1 at 2-3.

13. Registration No. VAu 1-387-741 is a group registration for the following five works: 20154 Green Witch costume; 20155 Silver Ninja costume; 20156 Girl Unicorn costume; 20168 Peacock Girl costume; and 20170 Peanut Jelly Costume. *See* Exhibit 1 at 4-5.

14. Registration No. VAu 1-444-364 is a group registration for the following ten works: 20572 Child Boy Black Ninja Costume; 20578 Child Boy Green Ninja Warrior Costume; 20583 Child Boy Golden Ninja Warrior Costume; 20584 Child Boy Golden Ninja Fighter Costume; 20613 Child Girl Purple Witch Costume Bat And Stripes; 20614 Child Girl Purple Stars And Moon Pattern Witch Costume; 20615 Child Girl Purple Witch Costume Bat Pattern Skirt; 20665 Child Boy All Red Ninja Costume; 20672 Child Boy Birdy Blue Ninja Costume; and 20718 Child Girl Pink Witch Costume Tattered Bat Pattern Tutu Skirt. *See* Exhibit 1 at 6-7.

**B.     Defendants' Infringing Conduct**

15. Defendant Corbra is identified by Amazon store ID A2ZRQWY6GS257X. In violation of Joyin's exclusive rights in the Copyrights, Corbra operates ASINs B0B696Q3MT, B0B68VJ1Q1, B0B697QS5P, B0B695R5B7, B0B6V2MS6Z, B0B698V4MK, B0B6V1D88M,

B0B6969XFX, B0B68V755N, and B0B694GNFD, which contain reproductions and/or derivate works of the Copyrights which are distributed to the public by sale. *See* Exhibit 2 at 1-98.

16. Defendant DearParty is identified by Amazon store ID A3H57N7830IQBY. In violation of Joyin's exclusive rights in the Copyrights, DearParty operates ASIN B0B68V755N, which contain reproductions and/or derivate works of the Copyrights which are distributed to the public by sale. *See* Exhibit 2 at 99-108.

17. Defendant Teatalk Store is identified by Amazon store ID A3IIPNVIQIOZR8. In violation of Joyin's exclusive rights in the Copyrights, Teatalk Store operates ASINs B0B6BDQH4S, B0B6BG3KTC, B0B6BF49D9, and B0B6BDVN32, which contain reproductions and/or derivate works of the Copyrights which are distributed to the public by sale. *See* Exhibit 2 at 109-145.

18. Defendant WsBIN is identified by Amazon store ID A1QT9K7691YO3U. In violation of Joyin's exclusive rights in the Copyrights, WsBIN operates ASINs B0BTP5W4FC and B0B6BFF48M, which contain reproductions and/or derivate works of the Copyrights which are distributed to the public by sale. *See* Exhibit 2 at 146-166.

19. On information and belief, Defendants are an interrelated group of infringers working in active concert to unlawfully reproduce and distribute copies of the Copyrights to the public by sale and/or prepare derivate works based upon the Copyrights in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all reproduce and distribute the same Infringing Products with minor variations and similar if not identical product images and descriptions, as shown in Exhibit 2.

20. Defendants have unlawfully reproduced, distributed, and prepared derivate works based on the Copyrights without Joyin's authorization or consent.

21.   Defendants have improperly copied and exploited the Copyrights willfully, and in disregard of, and with indifference to, Joyin's intellectual property rights. Defendants engaged in this intentional and infringing conduct to reap the creative, artistic, and aesthetic benefit and value associated with the Copyrights. By failing to obtain Joyin's authorization to reproduce and distribute the Copyrights or to compensate Joyin for the use, Defendants have avoided paying license fees and other financial costs associated with obtaining permission to exploit the Copyrights, as well as the restrictions that Joyin is entitled to and would place on any such exploitation as conditions for Joyin's permission, including the right to deny permission altogether. In addition, Joyin's business reputation and good will have been significantly injured. Joyin has seen significant declines in the sales of its actual products which corresponds with the increased proliferation of cheap knock-offs that have flooded the market. Further, consumers have often been misled into believing that they were buying Joyin authorized products only to discover that, in fact, they were receiving inferior imitations.

22.   Tactics used by Defendants to conceal the full scope of their operation make it virtually impossible for Joyin to learn Defendants' true identities and the exact interworking of their infringing network. In the event that Defendants provide additional credible information regarding their identities, Joyin will take appropriate steps to amend the Complaint.

23.   Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Amazon Storefronts. On information and belief, Defendants regularly create new Amazon marketplace accounts using the identities listed in Schedule A, as well as other unknown fictitious names and addresses. Such Defendant Amazon Storefront registration patterns are one of many common

tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, all in an effort to avoid liability.

24. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Amazon Storefronts. For example, the Defendant Amazon Storefronts include notable common features beyond selling the same Infringing Products, including the same product images, accepted payment methods, check-out methods, meta data, lack of contact information, identically or similarly priced items, the same incorrect grammar and misspellings, and/or the use of the same text and images.

25. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

26. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

**CLAIM ONE - COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

27. Joyin hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. Joyin owns all exclusive rights in the Copyrights as provided by 17 U.S.C. §§ 106 through 122, including without limitation the rights to reproduce the Copyrights in copies, to prepare derivative works based upon the Copyrights, and to distribute copies of the Copyrights to the public by sale or other transfer of ownership, or by rental, lease, or lending.

29. Defendants have violated these exclusive rights by reproducing and distributing copies of the Copyrights to the public by sale and/or preparing derivate works based upon the Copyrights. For example, Defendants are reproducing, selling, offering to sell, marketing, distributing, and advertising copies and/or derivate works of the Copyrights without Joyin's permission.

30. Defendants' exploitation of the Copyrights via the Defendant Amazon Storefronts constitutes infringement of the Copyrights.

31. On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of the Copyrights. Each Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Joyin made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of the infringing Defendant Amazon Storefronts. Each Defendant continues to infringe upon Plaintiff's Copyrights.

32. As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Joyin. Accordingly, Plaintiff seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

33. In the alternative, Joyin is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c)(1), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

34. Moreover, Joyin is entitled to injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' Infringing Products be impounded and destroyed.

35. Joyin seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

36. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Copyrights.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Joyin respectfully demands a trial by jury on all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Joyin prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily and/or permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the Copyrights;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Copyrights; and

  c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

2) Entry of an Order that, upon Joyin's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

  a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Copyrights; and

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods practicing the Copyrights;

3) That Joyin be awarded such actual damages as it shall prove at trial against Defendants that are adequate to compensate Joyin for infringement of the Copyrights, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the Copyrights;

4) In the alternative, that Joyin be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of the Copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6)     Award any and all other relief that this Court deems just and proper.

DATED: February 13, 2023          Respectfully submitted,

By: */s/ Timothy T. Wang*
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*